STEPHEN G. BENNETT v. UNITED STATES FIDELITY AND GUARANTY COMPANY

No. 7310DC462

(Filed 25 July 1973)

1. **Uniform Commercial Code § 27— holder in due course — taking draft for value — antecedent debt**

    Where an automobile used by plaintiff was wrecked by a person in possession of the car with plaintiff's permission, the car was registered in the name of plaintiff's mother, the driver's insurer issued a draft to plaintiff's mother and the driver in settlement of damages to the car, the joint payees endorsed the draft to plaintiff, who deposited it in his bank account, and the draft was not paid by the bank because the insurer had issued a stop payment order when it discovered it did not afford its insured collision coverage for a non-owned vehicle, plaintiff's evidence failed to show that he took the draft in payment for an antecedent claim against the driver and, therefore, that he took the check for value, where (1) plaintiff had no claim for damages to the car because it was registered in his mother's name, and (2) plaintiff failed to show he had any personal property in the car which was damaged in the wreck; consequently, plaintiff was not a holder in due course entitled to the amount of the draft. G.S. 25-3-303(b).

2. **Uniform Commercial Code § 27— draft endorsed to plaintiff — post-dated check given in reliance on draft — payment stopped on draft — taking for value — commitment to third person**

    Where plaintiff was the beneficial owner of a car registered in his mother's name which was wrecked by a third person, a draft from

the driver's insurer to the driver and plaintiff's mother was endorsed by the payees to plaintiff, who deposited it in his bank account, and the insurer stopped payment on the draft, plaintiff's evidence that he gave a postdated check in payment for another car in reliance on the draft is insufficient to show that plaintiff received the draft for value by making an irrevocable commitment to a third person within the meaning of G.S. 25-3-303(c), since that statute contemplates a commitment to a third person made when the holder takes the instrument and does not include a commitment made subsequent to the taking of the instrument.

APPEAL by plaintiff from *Bason, Judge,* 5 February 1973 Session, District Court, WAKE County.

Plaintiff instituted this action to recover the sum of $4,400, the amount of a draft dated 11 August 1972, issued by defendant, and payable to Wilbur Lee Prince and Mabel Sauls Bennett as joint payees. Mabel Sauls Bennett, plaintiff's mother, was the record titleholder to a 1971 Datsun. Plaintiff had possession of the car and had allowed Wilbur Prince to borrow it. While Prince was driving the car, it was wrecked. The accident was reported by Prince to defendant, his insurer, within apt time. A settlement was negotiated by defendant with Prince and Mabel Sauls Bennett. Plaintiff was active in the negotiations. The car was used by plaintiff and acquired for his use by gifts from his grandparents, Veta M. Bennett and her husband. The joint payees endorsed the draft to plaintiff, who deposited it in his bank account. The draft was not paid by the bank, however, because defendant had issued a stop payment order when it discovered that it did not afford its insured collision coverage for non-owned vehicles. These facts are undisputed and disclosed by the pleading, deposition and affidavit of plaintiff, and affidavit of defendant's superintendent of claims, upon which defendant's motion for summary judgment was heard. The court entered an "order and judgment" finding that "no genuine issue of fact exists for submission to a trial court and that defendant is entitled to judgment as a matter of law." Defendant's motion was granted and the action dismissed. Plaintiff appealed.

*Bennett and McConkey, P.A., by John P. Simpson, for plaintiff appellant.*

*Maupin, Taylor and Ellis, by Richard C. Titus, for defendant appellee.*

MORRIS, Judge.

Plaintiff contends that he is entitled, under G.S. 25-3-302, to the amount of the draft. G.S. 25-3-302 defines a holder in due course as one who takes an instrument for value, and in good faith, and without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person.

The undisputed evidence discloses that plaintiff was without notice of the defense of the insurer and that he took the instrument in good faith and for the purpose of purchasing an automobile to replace the one wrecked by defendant's insured. The only question about which the parties disagree is whether plaintiff took the check for value.

G.S. 25-3-303 defines taking for value as follows:

"A holder takes the instrument for value

(a) to the extent that the agreed consideration has been performed or that he acquires a security interest in or a lien on the instrument otherwise than by legal process; or

(b) when he takes the instrument in payment of or as security for an antecedent claim against any person whether or not the claim is due; or

(c) when he gives a negotiable instrument for it or makes an irrevocable commitment to a third person."

Plaintiff earnestly contends that he comes within the purview of the definition for two reasons.

[1] He first contends that the evidence discloses that he took the check in payment of an antecedent claim against Wilbur Lee Prince and, therefore, he took the check for value. There is no dispute about the fact that the car was registered in the name of plaintiff's mother. Plaintiff, therefore, had no claim against Prince for the damage to the car. See G.S. 20-38 (19) for definition of "owner" as person holding legal title to a motor vehicle, and 61 C.J.S., Motor Vehicles, § 500, pp. 253-254. On appeal he says, however, that he had a claim against Prince for damage to personal property in the car at the time of the wreck. A close examination of the record, and particularly the deposition and affidavit of plaintiff, reveals absolutely no evidence of whether plaintiff had any property in the car and if

so, what it was. In his affidavit, plaintiff said: "The value given by him to Wilbur Lee Prince was full settlement of any claim that he might have against Wilbur Lee Prince for the loss of any personal property Wilbur Lee Prince was responsible for when the Datsun automobile was damaged," but nowhere does he contend that he did in fact have any personal property in the car. Plaintiff has failed to present any evidence which would tend to show any legal claim against either payee, which plaintiff had and relinquished.

[2] He also contends that he gave value by virtue of the provisions of G.S. 25-3-303 (c) in that he made an irrevocable commitment to a third person. Plaintiff contends and the evidence reveals that he intended to use the amount of the check for the purchase of a new car. He stated in his deposition that the insurance draft was delivered to him; that he carried it to his mother and to Prince for endorsement and then deposited it in his checking account at Wachovia Bank and Trust Company; that he was told at the time he made the deposit that it would take "a couple of days to clear"; that he then called the insurance agent who suggested that he postdate the check he was to give in payment for the car he was buying; that he then went to the dealer and followed this suggestion.

The official comment to G.S. 25-3-303 (c) is as follows:

"Paragraph (c) is new, but states generally recognized exceptions to the rule that an executory promise is not value. A negotiable instrument is value because it carries the possibility of negotiation to a holder in due course, after which the party who gives it cannot refuse to pay. The same reasoning applies to any irrevocable commitment to a third person, such as a letter of credit issued when an instrument is taken."

We are of the opinion that the wording of the statute contemplates a simultaneous transaction—a commitment to a third person made when the holder takes the instrument. We do not construe it to include a commitment made subsequent to the taking of the instrument. We hold, therefore, that plaintiff's subsequent reliance on the payment of the draft does not constitute a taking for value necessary to put plaintiff in the position of holder in due course.

The undisputed facts establish that plaintiff is not a holder in due course. The court properly granted defendant's motion for summary judgment.

Affirmed.

Judges CAMPBELL and PARKER concur.